UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL PERKINS,

                         Plaintiff

-vs-

DAVID F. NAPOLI, et al.,

                         Defendants

DECISION AND ORDER

09-CV-6302 CJS

_____

      Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Now before the Court are two applications by Plaintiff for injunctive relief (Docket Nos. [#9][#17]). The applications are denied.

## BACKGROUND

      At the time Plaintiff filed the subject applications, he was housed at Southport Correctional Facility ("Southport"). In the first application [#9], Plaintiff alleges that he is being harassed by staff at Southport. As for injunctive relief, Plaintiff requests that the Court order that he be transferred to another correctional facility.

      As for the second application [#17], Plaintiff requests that the Court issue an injunction, directing the Superintendent at Southport to preserve an audio/videotape of the B-Block area of Southport, made on October 2, 2009, between 8:55 AM and 9:30 AM. According to Plaintiff, the tape will show him being assaulted by Defendant Daniel Chapman ("Chapman") and other corrections officers.

1

DISCUSSION

The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo- [he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted). Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court . . . properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

In this case, Plaintiff first requests an injunction, ordering that he be transferred from Southport to another correctional facility. However, Plaintiff is no longer housed at

Southport. Instead, Plaintiff is currently housed at Upstate Correctional Facility. Accordingly, Plaintiff's request for a transfer is denied as moot.

As for Plaintiff's request for an order directing Southport to preserve the audio/videotape, Plaintiff has not shown that he made any demand for the production or preservation of such evidence through the normal discovery procedures. Nor has Plaintiff shown that the evidence is in danger of being destroyed. Accordingly, the request is denied.

CONCLUSION

For the reasons discussed above, Plaintiff's applications for injunctive relief [#9] [#17] are denied.

So Ordered.

Dated: Rochester, New York
January 31, 2010

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge